UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


KIMBERLY A. JOHNSON                                                          PLAINTIFF


v.                                                            CIVIL ACTION NO. 3:13CV-65-S


CAROLYN W. COLVIN, Acting Commissioner
of Social Security                                                          DEFENDANT


**MEMORANDUM OPINION AND ORDER**


This matter is before the court for consideration of objections of the plaintiff, Kimberly A.

Johnson, to the Findings of Fact, Conclusions of Law, and Recommendation of the United States

Magistrate Judge (the "report"). In his report, the magistrate judge recommends that the decision

of the administrative law judge denying Kimberly A. Johnson's application for a period of disability

and disability insurance benefits be affirmed.

Johnson was thirty-nine years old at the time of the decision. She is a married mother of two

teens who were then 16 and 19 years old. Johnson has a twelfth grade education. She was formerly

employed as a check processor, a job which involved lifting trays weighing up to twenty-five pounds

and sitting as she processed checks using a computer. Johnson claims that she became disabled on

March 17, 2009 due to a history of degenerative disc disease of her lumbar and cervical spine.

After a hearing, the ALJ decided that Johnson's history of degenerative disc disease

constituted a severe impairment but did not meet or equal the severity of a listed impairment. The

ALJ determined that Johnson had the residual functional capacity ("RFC") to perform sedentary

work with the limitations that she lift or carrying no more than ten pounds and avoid repetitive

bending (from the waist), lifting or stooping positions. In reaching this RFC determination, the ALJ made the following finding:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

Administrative Record ("AR") 40.

The ALJ determined that she was capable of performing past relevant work as a check processor, and he therefore concluded that Johnson was not disabled. Johnson has challenged the ALJ's findings concerning her residual functional capacity to perform work as a check processor, even with limitations.

Johnson's principal contention herein is that the magistrate judge erred in finding that the ALJ's evaluation of her credibility concerning the severity of her symptoms was supported by substantial evidence in the record.

We find that the magistrate judge was clearly correct in his assessment. There is ample evidence in the record to support the ALJ's decision. The ALJ stated specific reasons for his determination not to fully credit Johnson's testimony.

Johnson testified that there was no job she was capable of doing, including sedentary work. She stated that she suffered a wide range of symptoms and disabling pain. The ALJ found that Johnson's impairments could reasonably be expected to cause some of her symptoms, but her statements concerning the intensity, persistence, and limiting effects of these symptoms was not credible to the extent that they were inconsistent with his RFC determination. The ALJ noted that despite her claimed disabling limitations, she reported that she engaged in a wide range of activities.

She continued to drive, go to the grocery store (with some help), do household chores including cooking, vacuuming, washing dishes, and doing laundry (with some help), attend Bingo, watch television, and complete basic care independently.

In evaluating the entirety of the record in assessing Johnson's credibility, the ALJ cited to the records from Johnson's treating neurosurgeon who found only mild degenerative changes which did not require surgical intervention or other aggressive treatment. The ALJ noted that there were no records indicating emergency room treatments or recent hospitalizations. While Johnson used a cane, including at the hearing, it did not appear from the records to be medically prescribed. The ALJ observed that she was not fully compliant with the directives of her physician for physical therapy. Johnson visited two pain management specialists. Dr. Zhou found moderate tenderness in her lumbosacral spine; Dr. Reasor found that imaging studies of Johnson's cervical spine were unremarkable and revealed only mild degenerative disk disease. The ALJ noted that Johnson was being treated conservatively with medication.

Additionally, the report of a functional capacity examination indicated that Johnson's performance in 20 of 24 activities demonstrated a self-limited effort. The neuropathic doctor wrote that she showed some signs of self-limiting behavior including guarded and deliberate movements and a positive Libman orthopedic test which can demonstrate malingering behavior.[1]

---

[1]Johnson urges that there must be a typographical error in the report, in that there was a finding of inconsistencies in 20 out of 24 activities (leading to a conclusion of malingering or a self-limited effort), but the examiners stated that "The results of this evaluation suggest that Ms. Johnson gave a self-limited effort with 20 of 24 consistency measures within expected limits." AR 376. Johnson's issue appears to be with the phrase "within expected limits." The court finds this objection to be without merit, as the magistrate judge correctly found no internal consistency. Further, the evaluators clearly indicated their conclusion that "[o]verall, Ms. Johnson demonstrated a self-limited effort in this evaluation..." AR 378, which is clearly supported throughout their report, whether or not it contained a typographical error.

Johnson's claims of error do not call into question the conclusion that the ALJ's decision was supported by substantial evidence in the record. She contends that, in assessing Johnson's credibility, the ALJ impermissibly considered Johnson's inability to continue physical therapy due to cost. The magistrate judge indicated in his report that the ALJ noted Johnson's discontinuation of physical therapy in 2008 due to insurance. The ALJ stated in the next paragraph of his decision that Johnson had an updated physical therapy evaluation in 2010, concluding that "[t]here is no evidence that she followed as suggested (8F)," referencing this 2010 record. This reference was to a 2010 medical record of another individual which had been mistakenly placed in Johnson's records. It has since been redacted. However, the ALJ stated later in his findings that, with respect to her physician's orders for physical therapy, Johnson had "not been entirely compliant with her treatment," citing to both the 2008 and (erroneous) 2010 records.

The magistrate judge correctly concluded that the ALJ's mention of noncompliance with physical therapy orders constituted only a small portion of the ALJ's comprehensive findings with respect to Johnson's credibility. The records from Johnson's own treating physicians, her self-reported activities, and the functional capacity examination all support the ALJ's findings.

Additionally, the magistrate judge noted the findings of examining neurologist, Dr. Michael G. Alt, relating to Johnson's claims of arm and hand pain and weakness. Dr. Alt found that she was not disabled neurologically as everything seemed to be "intact." He found that she did have some wrist weakness, but had normal sensation to temperature, vibration, and touch, she had normal muscle tone, and had bulk and power throughout manual testing. He found that Dr. Reasor was controlling her pain well, and that she might benefit from exercise and an antidepressant. While Dr.

Alt scheduled a follow-up EMG for Johnson, he anticipated that the results would be "unremarkable," based upon his examination findings.

Johnson objects to the magistrate judge's reference to Dr. Alt's "anticipatory opinion" as an "unexplained prediction" upon which he relies to justify the ALJ's decision. Johnson acknowledges that the ALJ did not himself reference this opinion. Rather, the magistrate judge referenced it, in reviewing the record as a whole, to determine whether substantial evidence supported the ALJ's findings. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984); *Smith v. Sec'y of HHS*, 893 F.2d 106, 108 (6th Cir. 1989). While Johnson describes Dr. Alt's opinion as "unexplained," we do not find it to be so. Dr. Alt's statement anticipating an unremarkable EMG appears in his report at the conclusion of his assessment. The assessment follows his findings addressing her history and physical examination. Dr. Alt indicated in his assessment that he did not find her to be neurologically impaired. Thus Dr. Alt's expectation concerning a future EMG was hardly "unexplained."

Having conducted a *de novo* review of the record and the magistrate judge's report in light of the objections thereto, we find Johnson's objections to be without merit.

For the reasons set forth herein this date and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the Findings of Fact, Conclusions of Law, and Recommendation of the United States Magistrate Judge (DN 17) is **ACCEPTED AND ADOPTED IN ITS ENTIRETY** and the objections of plaintiff Kimberly A. Johnson are **OVERRULED.**

A separate judgment affirming the decision of the Commissioner of Social Security will be

entered this date in accordance with this memorandum opinion and order.


**IT IS SO ORDERED.**

December 11, 2013

**Charles R. Simpson III, Senior Judge**
**United States District Court**